MOTLEY RICE LLC
ESTHER E. BEREZOFSKY
210 Lake Drive East, Suite 101
Cherry Hill, NJ  08002
Telephone:  856/667-0500
eberezofsky@motleyrice.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
jcaringal@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| ERIC BARTA, Individually and on Behalf of All Others Similarly Situated, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> NOVO NORDISK A/S, et al., ) <br><br> Defendants. ) | No. 3:25-cv-14045-ZNQ-JBD <br><br> <u>CLASS ACTION</u> <br><br> BRIEF IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL <br><br> MOTION DAY:   November 3, 2025 |

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ...................................................................1

II.   FACTUAL BACKGROUND...................................................................2

III.  LEGAL ARGUMENT............................................................................3

    A.    The Pension Fund Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff ..................................................................3

        1.    The Procedure Required by the PSLRA .....................................3

        2.    The Pension Fund Satisfies the Lead Plaintiff Requirements of the PSLRA........................................................4

            a.    The Pension Fund's Motion Is Timely.............................4

            b.    The Pension Fund Has a Substantial Financial Interest in the Relief Sought by the Class ........................4

            c.    The Pension Fund Otherwise Satisfies Rule 23's Requirements .................................................................4

    B.    The Court Should Approve the Pension Fund's Choice of Counsel.................................................................................................7

IV.  CONCLUSION...................................................................................11

4901-5182-5774.v1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Bennett v. Sprint Nextel Corp.*,
No. 2:09-cv-02122-EFM-KMH (D. Kan.) ..........................................................9

*Boston Ret. Sys. v. Alexion Pharms., Inc.*,
No. 3:16-cv-02127 (AWT) (D. Conn.).................................................................9

*D'Agostino v. Innodata, Inc.*,
2024 WL 4615728 (D.N.J. Oct. 30, 2024) ........................................................10

*Hall v. Johnson & Johnson*,
No. 3:18-cv-01833-FLW-TJB (D.N.J. Nov. 26, 2018) ......................................7

*In re Am. Realty Cap. Props., Inc. Litig.*,
No. 1:15-mc-00040 (S.D.N.Y.) ...........................................................................9

*In re Barrick Gold Sec. Litig.*,
No. 1:13-cv-03851-RPP (S.D.N.Y.).....................................................................9

*In re Cardinal Health, Inc. Sec. Litig.*,
No. 2:04-cv-00575-ALM (S.D. Ohio)...................................................................8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ...........................................................................5, 6

*In re Enron Corp. Sec. Litig.*,
No. 4:01-cv-03624 (S.D. Tex.)..............................................................................8

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) .........................................................8

*In re Novo Nordisk Sec. Litig.*,
No. 3:17-cv-00209-BRM-LHG (D.N.J. June 1, 2017)....................................7, 8

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
No. 1:01-cv-01451-REB-KLM (D. Colo.) ...........................................................8

*In re Twitter, Inc. Sec. Litig.*,
No. 4:16-cv-05314 (N.D. Cal.)..............................................................................9

4901-5182-5774.v1

**Page**

*In re Under Armour Sec. Litig.*,
    No. 1:17-cv-00388 (D. Md.)..................................................................................9

*In re UnitedHealth Grp. Inc. Sec. Litig.*,
    No. 0:06-cv-01691-JMR-FLN (D. Minn.)............................................................8

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
    No. 3:15-cv-07658-MAS-LHG (D.N.J. May 31, 2016)...................................7, 8

*Jones v. Pfizer*,
    No. 1:10-cv-03864 (S.D.N.Y.) ............................................................................9

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
    No. 1:02-cv-05893 (N.D. Ill.)..............................................................................8

*W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*,
    325 F.R.D. 280 (D. Minn. 2018) ..........................................................................9

## STATUTES, RULES, AND REGULATIONS

15 U.S.C.
    §78u-4(a)(1) ..........................................................................................................3
    §78u-4(a)(3)(A)(i)..................................................................................................3
    §78u-4(a)(3)(B)(i)..................................................................................................1
    §78u-4(a)(3)(B)(ii).................................................................................................1
    §78u-4(a)(3)(B)(iii)................................................................................................1
    §78u-4(a)(3)(B)(iii)(I)...........................................................................................3
    §78u-4(a)(3)(B)(iii)(I)(cc) ....................................................................................4
    §78u-4(a)(3)(B)(v)...........................................................................................1, 7

Federal Rules of Civil Procedure
    Rule 23(a)(3)-(4)............................................................................................3, 4, 5

4901-5182-5774.v1

## I.   PRELIMINARY STATEMENT

This action is brought on behalf of purchasers or acquirers of Novo Nordisk A/S ("Novo Nordisk" or the "Company") securities between May 7, 2025 and July 28, 2025, inclusive (the "Class Period"), against Novo Nordisk and certain of its executive officers for violations of the Securities Exchange Act of 1934 (the "Exchange Act").  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court "shall appoint the most adequate plaintiff as lead plaintiff" to lead the action.  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member or members "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Here, IAM Motor City Pension Fund (the "Pension Fund") respectfully submits that it is the presumptively most adequate plaintiff in this case because it filed a timely motion in response to a notice, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Fund's selection of Robbins Geller Rudman & Dowd LLP and Motley Rice LLC as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

- 1 -

4901-5182-5774.v1

## II.    FACTUAL BACKGROUND

Novo Nordisk, together with its subsidiaries, engages in the research and development, manufacture, and distribution of pharmaceutical products, including GLP-1s for treatment of type 2 diabetes and weight management, among other things.  Novo Nordisk American Depositary Shares trades on the New York Stock Exchange under the symbol NVO.

The complaint alleges that defendants provided overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the true state of Novo Nordisk's growth potential; notably, that its asserted potential to capitalize on the compounded market greatly understated the potential impact of the personalization exception to the compounded GLP-1 exclusion and overstated the likelihood such patients would switch to Novo Nordisk's branded alternatives, and further greatly overstated the potential GLP-1 market or otherwise Novo Nordisk's capability to penetrate said markets to achieve continued growth.

On July 29, 2025, Novo Nordisk announced it was lowering its sales and profit outlook ahead of reporting its results for the second quarter of fiscal year 2025. The Company attributed the guide down on "lowered growth expectations for the second half of 2025" for both Wegovy and Ozempic due to "the persistent use of compounded GLP-1s, slower-than-expected market expansion and competition."

- 2 -

4901-5182-5774.v1

ECF 1 at ¶4.  On this news, the price of Novo shares fell nearly 22%, damaging investors.

## III.    LEGAL ARGUMENT

### A.    The Pension Fund Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

#### 1.    The Procedure Required by the PSLRA

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the member or members of the purported plaintiff class that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Pension Fund satisfies each of these requirements and should therefore be appointed Lead Plaintiff.

- 3 -

### 2. The Pension Fund Satisfies the Lead Plaintiff Requirements of the PSLRA

#### a. The Pension Fund's Motion Is Timely

On August 1, 2025, notice was published via *Globe Newswire* advising class members of the pendency of the action, the claims asserted, the proposed class definition, and the right to move the Court to be appointed as lead plaintiff no later than September 30, 2025. *See* Declaration of Esther E. Berezofsky in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Berezofsky Decl."), Ex. A. Because its motion is being filed by September 30, 2025, it is timely and the Pension Fund is entitled to be considered for appointment as lead plaintiff.

#### b. The Pension Fund Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by its PSLRA Certification and loss chart, the Pension Fund suffered approximately $52,317 in losses as a result of defendants' alleged misconduct. *See* Berezofsky Decl., Exs. B, C. Therefore, the Pension Fund has a substantial financial interest in the action.

#### c. The Pension Fund Otherwise Satisfies Rule 23's Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims

- 4 -

or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) (inquiry "should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

When making the typicality determination, the court "should consider whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *Cendant*, 264 F.3d at 265 (alteration in original) (citation omitted). And, in "assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *Id.* (alteration in original) (citation omitted). The Pension Fund satisfies these requirements.

Here, the Pension Fund, like other class members: (1) purchased Novo Nordisk securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages therefrom. Thus, the Pension Fund's claims are typical of those of other class members because its claims

- 5 -

and the claims of other class members arise out of the same course of events and are based on the same legal theories. The Pension Fund's significant financial interest ensures that it will vigorously represent the class. Moreover, the Pension Fund has amply demonstrated its adequacy by signing a sworn Certification evidencing its ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See* Berezofsky Decl., Ex. B.

As a sophisticated institutional investor, the Pension Fund is precisely the type of movant whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See Cendant*, 264 F.3d at 273 ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."). Indeed, the Pension Fund is a multi-employer, defined-benefit pension plan providing retirement and other benefits for members of the International Association of Machinists. The Pension Fund has extensive experience serving in a fiduciary role on behalf of its plan participants. And, as set forth in more detail below, the Pension Fund retained law firms with vast experience prosecuting securities class actions.

4901-5182-5774.v1

Because the Pension Fund filed a timely motion, has a significant financial interest in the relief sought by the class, and is typical and adequate of the putative class, the Court should adopt the presumption that it is the presumptive lead plaintiff.

**B.    The Court Should Approve the Pension Fund's Choice of Counsel**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Pension Fund has selected Robbins Geller and Motley Rice to serve as Lead Counsel.

Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[1]  District courts throughout the country, including in this court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG, ECF 67 (D.N.J. May 31, 2016)

---

[1]    For a detailed description of the Firms' track record, resources, and attorneys, please *see* https://www.rgrdlaw.com and https://www.motleyrice.com.  Paper copies of the Firms' resumes are available upon the Court's request, if preferred.

4901-5182-5774.v1

(appointing Robbins Geller as lead counsel in securities case); *Hall v. Johnson & Johnson*, No. 3:18-cv-01833-FLW-TJB, ECF 20 (D.N.J. Nov. 26, 2018) (appointing Robbins Geller as lead counsel in securities case); *In re Novo Nordisk Sec. Litig.*, No. 3:17-cv-00209-BRM-LHG, ECF 42 (D.N.J. June 1, 2017) (appointing Robbins Geller, along with co-counsel, as lead counsel in securities class action case).

Notably, the Pension Fund selected in this case a law firm which had obtained a historic $1.21 billion settlement in this court in *Valeant*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), the largest securities class action settlement ever against a pharmaceutical manufacturer, and the ninth largest securities class action settlement ever.  Robbins Geller also previously recovered $100 million on behalf of Novo Nordisk investors in this District.  *See In re Novo Nordisk Sec. Litig.*, No. 3:17-cv-00209-BRM-LHG (D.N.J.).  Additionally, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[2]

---

[2]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class

Likewise, Motley Rice has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions. The Firm's experience in the prosecution of securities class actions is derived from, among other things, its service as lead counsel in *In re Twitter, Inc. Sec. Litig.*, No. 4:16-cv-05314 (N.D. Cal.) ($809.5 million recovery); *In re Barrick Gold Sec. Litig.*, No. 1:13-cv-03851-RPP (S.D.N.Y.) ($140 million recovery); *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH (D. Kan.) ($131 million recovery); and *Boston Ret. Sys. v. Alexion Pharms., Inc.*, No. 3:16-cv-02127 (AWT) (D. Conn.) ($125 million recovery).

Moreover, Motley Rice and Robbins Geller have a long history of successfully prosecuting securities class actions together, including: *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040 (S.D.N.Y.) ($1.025 billion recovery); *Twitter* ($809.5 million recovery); *Jones v. Pfizer*, No. 1:10-cv-03864 (S.D.N.Y.) ($400 million recovery); *Barrick Gold* ($140 million recovery); and *Sprint Nextel* ($131 million recovery). Indeed, late last year, the two firms worked together to successfully resolve a securities fraud class action captioned *In re Under Armour Sec. Litig.*, No. 1:17-cv-00388 (D. Md.), for $434 million, just weeks before trial.

---

action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 9 -

*See also W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 325 F.R.D. 280, 287 (D. Minn. 2018) ("Plaintiffs' counsel – lawyers from Robbins Geller Rudman & Dowd LLP and Motley Rice LLC – is well-qualified to serve as class counsel in this case. First, the filings in this case demonstrate that counsel has sufficiently investigated and identified potential claims in this case. . . . Second, counsel has experience serving as class counsel in other disputes. . . . Third, counsel has demonstrated in this case and others that they have significant knowledge of securities law. . . . Finally, the Court is persuaded that counsel has sufficient resources to serve as class counsel in this case.") (citations omitted). Accordingly, the Court should approve the Pension Fund's selection of counsel for the putative class. *See D'Agostino v. Innodata, Inc.*, 2024 WL 4615728, at *5 (D.N.J. Oct. 30, 2024) ("[The movant's] chosen law firms have prosecuted numerous securities fraud class actions on behalf of investors. . . . After reviewing the firms' resumes, the Court finds that both firms have substantial experience litigating securities fraud class actions and are thus 'competent to fulfill the duties of lead counsel.'") (citation omitted).

As such, the Court may be assured that, in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller and Motley Rice. Because the Pension Fund's

- 10 -

selection of Robbins Geller and Motley Rice is reasonable, its motion should be granted.

## IV.    CONCLUSION

For all the foregoing reasons, the Pension Fund respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  September 30, 2025

Respectfully submitted,

MOTLEY RICE LLC
ESTHER E. BEREZOFSKY

_s/ Esther E. Berezofsky_
ESTHER E. BEREZOFSKY

210 Lake Drive East, Suite 101
Cherry Hill, NJ  08002
Telephone:  856/667-0500
eberezofsky@motleyrice.com

ROBBINS GELLER RUDMAN
 & DOWD LLP
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
jcaringal@rgrdlaw.com

Proposed Lead Counsel for Proposed
Lead Plaintiff

4901-5182-5774.v1

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 30, 2025.

*s/ Esther E. Berezofsky*
ESTHER E. BEREZOFSKY

4901-5182-5774.v1