**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERICA BARTA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NOVO NORDISK A/S, MAZIAR MIKE DOUSTDAR, LARS FRUERGAARD JØRGENSEN, KARSTEN MUNK KNUDSEN, and DAVID S. MOORE,<br><br>Defendants. | No.: 3:25-cv-14045-ZNQ-JBD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF VIRGINIA WULFF TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>CLASS ACTION<br><br>**Motion Date: November 3, 2025** |

## **TABLE OF CONTENTS**

**BACKGROUND** ...................................................................................................................1

**ARGUMENT**.......................................................................................................................4

   **I.**     **MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**.......................................4

     **A.**   **MOVANT IS WILLING TO SERVE AS A CLASS REPRESENTATIVE** .............5

     **B.**   **MOVANT HAS THE LARGEST FINANCIAL INTEREST**....................................5

     **C.**   **MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE**.............................................................6

     **D.**   **MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS** ...................................................................................7

   **II.**    **MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED** .....................8

**CONCLUSION** ....................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008)..............................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998)................................................................................7

*In re Vicuron Pharm., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004) .........................................................................5, 6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)..............................................................................4, 5, 8

**Rules**

Fed. R. Civ. P. 23 ............................................................................................4, 6, 7

Movant Virginia Wulff ("Movant") respectfully submits this memorandum of law in support of her motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing Movant as Lead Plaintiff for the Class of all persons or entities who purchased or otherwise acquired securities of Novo Nordisk A/S ("Novo Nordisk" or the "Company") between May 7, 2025 and July 28, 2025, inclusive (the "Class Period"); and

(b)     approving Movant's selection of The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel.

## BACKGROUND

This action was filed on August 1, 2025 against Novo Nordisk A/S, Maziar Mike Doustdar, Lars Fruergaard Jørgensen, Karsten Munk Knudsen, and David S. Moore for violations under the Exchange Act. That same day an early notice, pursuant to the PSLRA, advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

1

Novo Nordisk is a global healthcare company focused on research, development, manufacturing, and distribution of pharmaceuticals. The Company operates in two primary segments: (i) diabetes and obesity, and (ii) rare diseases. Novo Nordisk is the market leader in GLP-1 receptor agonist therapies, which are used to treat Type 2 diabetes and obesity by regulating appetite and blood sugar. Novo's flagship GLP-1 products include Ozempic (approved for the treatment of Type 2 diabetes) and Wegovy (approved for chronic weight management). Both drugs contain the same active ingredient, semaglutide, and account for a significant share of Novo's revenue and growth prospects. Novo Nordisk is internationally headquartered outside of Copenhagen, Denmark, while its United States headquarters are located in Plainsboro, New Jersey.

The Complaint alleges that, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, Defendants (1) made misleading statements regarding the Company's ability to grow sales of its branded GLP-1 products, Wegovy and Ozempic, after the FDA removed semagalutide from the national drug shortage list, (2) overstated the Company's ability to capitalize on the large size and low penetration of the GLP-1 market, and (3) understated or ignored the significance of the lawful personalization exception for competitors who will continue to offer

2

compounded GLP-1 treatments. As a result, Novo Nordisk's business and financial prospects, as well as its operational capabilities, were overstated and the Company's public statements were materially false and misleading at all relevant times.

The truth emerged on July 29, 2025, when Defendants published a press release lowering the Company's sales and profit outlook for 2025, citing "the persistent use of compounded GLP-1s, slower-than-expected market expansion and competition." The press release revised its 2025 sales growth expectations from 13-21% down to 8-14% and operating profit growth from 16-24% down to 10-16%.

That same day, Defendants issued a second press release announcing Defendant Doustdar would be replacing Defendant Jørgensen as President and Chief Executive Officer, who would step down on August 7, 2025.

On this news, the price of Novo Nordisk's common stock declined dramatically. From a closing market price of $69.00 per share on July 28, 2025, The Company's stock price fell to $53.94 per share on July 29, 2025, a decline of about 21.83% in the span of just a single day.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

3

## ARGUMENT

### I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all of these criteria and is thus entitled to the presumption that she is the most adequate plaintiff of the class, and that, as a

4

result, Movant should be appointed as Lead Plaintiff.

### A. MOVANT IS WILLING TO SERVE AS A CLASS REPRESENTATIVE

Movant has filed herewith a PSLRA certification attesting that she is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. MOVANT HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In assessing the largest financial interest, courts in the Third Circuit assess the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

Movant lost approximately $14,307.51 in connection with her purchases of

5

Novo Nordisk common stock. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Moreover, "typicality and

6

adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant fulfills the requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the members of the class, and its claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about Novo Nordisk's business and financial condition. Movant, as did all of the members of the class, purchased Novo Nordisk securities at prices artificially inflated by Defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the class, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D. MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS

The presumption in favor of appointing Movant as Lead Plaintiff may be

rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses defendants could raise that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant lives in Pennsylvania, holds a Bachelor of Science in Nursing, and is a Registered Nurse.

## II.    <u>**MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**</u>

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and the Class's claims including reviewing publicly available

8

financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in numerous cases throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. Rosen Law's resume is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff; (2) approving Lead Plaintiff's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

9

Dated: September 30, 2025                    Respectfully submitted,

                                             **THE ROSEN LAW FIRM, P.A.**

                                             s/ Laurence M. Rosen
                                             Laurence M. Rosen (LR-5733)
                                             One Gateway Center, Suite 2600
                                             Newark, NJ 07102
                                             Telephone: (973) 313-1887
                                             Fax: (973) 833-0399
                                             lrosen@rosenlegal.com

                                             *[Proposed] Lead Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

s/ Laurence M. Rosen