POMERANTZ LLP
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for Movant Roman Ivanov and*
*Proposed Lead Counsel for the Class*

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC BARTA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NOVO NORDISK A/S, MAZIAR MIKE DOUSTDAR, LARS FRUERGAARD JØRGENSEN, KARSTEN MUNK KNUDSEN, and DAVID S. MOORE,<br><br>Defendants. | Case No. 3:25-cv-14045-ZNQ-JBD<br><br>Hon. Zahid N. Quraishi<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ROMAN IVANOV FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>Motion Date: November 3, 2025 |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ........................................................................................2

ARGUMENT ...........................................................................................................4

    A.    IVANOV SHOULD BE APPOINTED LEAD PLAINTIFF................4

        1.    Ivanov Is Willing to Serve as Class Representative ...................5

        2.    Ivanov Has the "Largest Financial Interest" in the Action.........6

        3.    Ivanov Otherwise Satisfies the Requirements of Rule 23 ..........7

        4.    Ivanov Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ..................................................................................11

    B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED..................................................................................11

CONCLUSION ......................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997).................................................................................10

*Baby Neal v. Casey*,
  43 F.3d 48 (3d Cir. 1994) .........................................................................9

*Beck v. Maximus, Inc.*,
  457 F.3d 291 (3d Cir. 2006) ................................................................9, 10

*City of Southfield Fire & Police Ret. Sys. v. Hayward Holdings, Inc.*,
  No. 2:23-CV-04146 (WJM), 2023 WL 8752436 (D.N.J. Dec. 19, 2023)..........12

*Dang v. Amarin Corp. PLC*,
  No. CV 21-19212 (GC)(TJB), 2022 WL 15524944 (D.N.J. Oct. 27, 2022)........8

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ..............................................................7, 8, 10

*In re Comverse Tech., Inc. Sec. Litig.*,
  No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ....6

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ..................................................................12

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004)..................................................................7

*In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*,
  No. CIV A 07-177 FLW, 2007 WL 2683636 (D.N.J. Sept. 7, 2007) ................10

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015).................................................................12

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ..........................6, 7

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ......................................7

*Lewis v. Lipocine Inc.*,
    No. CV 16-4009-BRM-LHG, 2016 WL 7042075 (D.N.J. Dec. 2, 2016)............8

*Patel v. Zoompass Holdings Inc.*,
    No. CV 17-3831 (JLL), 2017 WL 4179814 (D.N.J. Sept. 20, 2017)...................7

*Rubenstahl v. Philip Morris Int'l Inc.*,
    No. CV1713504ESMAH, 2019 WL 585429 (D.N.J. Feb. 13, 2019) ..................7

*Smith v. Antares Pharma, Inc.*,
    No. CV178945MASDEA, 2018 WL 3611067 (D.N.J. July 27, 2018)................7

## Statutes

15 U.S.C. § 78u-4.....................................................................................*passim*

Private Securities Litigation Reform Act of 1995 .............................................*passim*

Securities Exchange Act of 1934....................................................................1, 6, 9

## Rules

Fed. R. Civ. P. 23 .....................................................................................*passim*

Movant Roman Ivanov ("Ivanov") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Ivanov as Lead Plaintiff on behalf of a class (the "Class") consisting of all investors who purchased or otherwise acquired Novo Nordisk A/S ("Novo" or the "Company") securities between May 7, 2025, to July 28, 2025, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Novo investors, including Ivanov, incurred significant losses following the disclosures of the alleged fraud, which caused Novo's share price to fall sharply, damaging Ivanov and other Novo investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his transactions in Novo

1

securities during the Class Period, Ivanov incurred losses of approximately $140,786. *See* Declaration of Thomas H. Przybylowski in Support of Motion ("Przybylowski Decl."), Exhibit ("Ex.") A. Accordingly, Ivanov believes that he has the largest financial interest in the relief sought in this Action. Beyond his considerable financial interest, Ivanov also meets the applicable requirements of Rule 23 because his claims are typical of those of absent Class members and he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Ivanov has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in this Action.

Accordingly, Ivanov respectfully requests that the Court enter an Order appointing Ivanov as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Defendants provided investors with material information concerning Novo's expected sales and revenue growth for the fiscal year 2025. Defendants' statements included, among other things, confidence in the Company's ability to continue to grow GLP-1 sales by

2

capitalizing on the significant size, low penetration, and overall potential of the GLP-1 market, including Novo's ability to capitalize on patients who would purportedly be no longer able to utilize their preferred compounded GLP-1 alternatives.

Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the true state of Novo's growth potential; notably, that its asserted potential to capitalize on the compounded market greatly understated the potential impact of the personalization exception to the compounded GLP-1 exclusion and overstated the likelihood such patients would switch to Novo's branded alternatives, and further greatly overstated the potential GLP-1 market or otherwise Novo's capability to penetrate said markets to achieve continued growth.  Such statements absent these material facts caused Ivanov and other shareholders to purchase Novo's securities at artificially inflated prices.

On July 29, 2025, Novo announced it was lowering its sales and profit outlook ahead of reporting its results for the second quarter of fiscal year 2025. The Company attributed the guide down on "lowered growth expectations for the second half of 2025" for both Wegovy and Ozempic due to "the persistent use of compounded GLP-1s, slower-than-expected market expansion and competition."

3

Investors and analysts reacted immediately to Novo's revelation.  The price of Novo's common stock declined dramatically.  From a closing market price of $69.00 per share on July 28, 2025, Novo's stock price fell to $53.94 per share on July 29, 2025, a decline of about 21.83% in the span of just a single day.

## ARGUMENT

### A.    IVANOV SHOULD BE APPOINTED LEAD PLAINTIFF

Ivanov should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of (1) the pendency of the action and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication or (2) as soon as practicable after the Court decides any pending motion to consolidate.  *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Ivanov satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

## 1.    Ivanov Is Willing to Serve as Class Representative

On August 1, 2025, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Novo and other defendants, and advising investors in Novo securities that they had until September 30, 2025—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Przybylowski Decl., Ex. B.

5

Ivanov has filed the instant motion pursuant to the Notice, and he has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Ivanov satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Ivanov Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class[.]"   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  To the best of his knowledge, Ivanov has the largest financial interest of any Novo investor or investor group seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted by

---

[1] *See, e.g.*, *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

courts in the Third Circuit, including in this District. *See, e.g.*, *Rubenstahl v. Philip Morris Int'l Inc.*, No. CV1713504ESMAH, 2019 WL 585429, at \*2 (D.N.J. Feb. 13, 2019) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001)); *Smith v. Antares Pharma, Inc.*, No. CV178945MASDEA, 2018 WL 3611067, at \*2 (D.N.J. July 27, 2018). Of the *Lax* factors, courts in the Third Circuit generally emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Patel v. Zoompass Holdings Inc.*, No. CV 17-3831 (JLL), 2017 WL 4179814, at \*1 (D.N.J. Sept. 20, 2017) (finding "[t]he most critical among the[ *Lax*] factors is the approximate loss suffered."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (same)

In connection with his transactions in Novo securities during the Class Period, Ivanov incurred losses of approximately $140,786. *See* Przybylowski Decl., Ex. A. To the extent that Ivanov possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.   Ivanov Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal

7

Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.  Instead, "[t]he movant need only make a '*prima facie* showing of typicality and adequacy'" under Rule 23.  *Dang v. Amarin Corp. PLC*, No. CV 21-19212 (GC)(TJB), 2022 WL 15524944, at *4 (D.N.J. Oct. 27, 2022) (quoting *Cendant*, 264 F.3d at 263-64); *see also Lewis v. Lipocine Inc.*, No. CV 16-4009-BRM-LHG, 2016 WL 7042075, at *4 (D.N.J. Dec. 2, 2016) ("'The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy.'" (quoting *Cendant*, 264 F.3d at 263)).  Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Ivanov.

The typicality requirement of Rule 23(a)(3) is satisfied where "'the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class.'" *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

Ivanov's claims are typical of those of the Class. Ivanov alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Novo, or by omitting to state material facts necessary to make the statements they did make not misleading. Ivanov, like other Class members, purchased Novo securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Novo's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"In making the *prima facie* determination of adequacy, a court should consider whether the movant 'has the ability and incentive to represent the claims of the class vigorously, [whether the movant] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, No. CIV A 07-177 FLW, 2007 WL 2683636, at *5 (D.N.J. Sept. 7, 2007) (quoting *Cendant*, 264 F.3d at 265); *see also Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

Ivanov is an adequate representative for the Class.  As set forth in greater detail below, in Pomerantz, Ivanov has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between Ivanov's interests and those of the Class.  Moreover, Ivanov has submitted a sworn Certification declaring his commitment to protect the interests of the Class (*see* Przybylowski Decl., Ex. C), and his significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further demonstrating his adequacy, Ivanov has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. D.

### 4. Ivanov Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Ivanov's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Ivanov's ability and desire to fairly and adequately represent the Class has been discussed above. Ivanov is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Ivanov should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v); *see also*

*In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel."). The Court should not interfere with the Lead Plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see City of Southfield Fire & Police Ret. Sys. v. Hayward Holdings, Inc.*, No. 2:23-CV-04146 (WJM), 2023 WL 8752436, at *3 (D.N.J. Dec. 19, 2023) ("A court should defer to the properly-selected lead plaintiff's choice of counsel, intervening only when 'necessary to protect the interests of the class.'" (quoting *Cendant*, 264 F.3d at 274)); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))).

Here, Ivanov has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Przybylowski Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more

12

than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Ivanov's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Ivanov's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Ivanov respectfully requests that the Court issue an Order: (1) appointing Ivanov as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated:  September 30, 2025

Respectfully submitted,

POMERANTZ LLP

*/s/ Thomas H. Przybylowski*
Thomas H. Przybylowski
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movant Roman Ivanov and*
*Proposed Lead Counsel for the Class*

14