**LEVI & KORSINKSY, LLP**
Adam M. Apton
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Ahmed Hashim and*
*Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC BARTA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NOVO NORDISK A/S, MAZIAR MIKE DOUSTDAR, LARS FRUERGAARD JØRGENSEN, KARSTEN MUNK KNUDSEN, and DAVID S. MOORE,<br><br>Defendants. | Case No. 3:25-cv-14045-ZNQ-JBD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF AHMED HASHIM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>**MOTION DATE: November 3, 2025** |

## <u>TABLE OF CONTENTS</u>

I.    PRELIMINARY STATEMENT ....................................................................1

II.   ARGUMENT................................................................................................4

   A. The PSLRA Process ...............................................................................4

   B. Mr. Hashim Is Presumptively the "Most Adequate Plaintiff" ........................5

     1.  Mr. Hashim Has the Largest Financial Interest...........................................5

     2.  Mr. Hashim Satisfies the Typicality and Adequacy Requirements
       Under Rule 23 and *Cendant*. ..................................................................7

   C. No Proof Exists to Rebut the Strong Presumption in Favor of Appointing
     Mr. Hashim. ..........................................................................................9

III.  CONCLUSION.............................................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Cendant Corp.* Litigation,
    264 F.3d 201 (3d Cir. 2001) ..................................................................... *passim*

*In re Merck & Co., Inc. Securities,*
    No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511 (D.N.J. Jan. 20, 2013) ..........3, 7

*In re Nice Sys. Sec. Litig.,*
    188 F.R.D. 206 (D.N.J. 1999)...............................................................................5

*In re Olsten Corp. Sec. Litig*.,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .....................................................................5

*Patel v. Zoompass Holdings, Inc.,*
    No. 17-3831, 2017 U.S. Dist. LEXIS 153765 (D.N.J. Sept. 20, 2017)...............6

*Roby v. Ocean Power Techs.,*
    No. 14-cv-3799 (FLW) (LHG), 2015 U.S. Dist. LEXIS 42388 (D.N.J. Mar.
    17, 2015) ..............................................................................................................5

*Smith v. Antares Pharma, Inc.,*
    No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964 (D.N.J. July 27,
    2018) ....................................................................................................................6

*In re Vicuron Pharm., Inc. Sec. Litig.,*
    225 F.R.D. 508 (E.D. Pa. 2004)...........................................................................6

**Statutes**

15 U.S.C. § 78u-4....................................................................................... 1, 4, 5, 9

## I.    PRELIMINARY STATEMENT

The Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities class actions. It instructs courts to appoint as lead plaintiff the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). That person is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). They are then entitled to the PSLRA's "strong presumption" of being the "most adequate plaintiff" to serve as lead plaintiff in the action. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, that movant is Ahmed Hashim.

On September 30, 2025, four movants timely filed motions for appointment as Lead Plaintiff in the Action.[1] Mr. Hashim's financial interest in the litigation is larger than each of the other movants. Pursuant to *In re Cendant Corp. Litigation*, financial interest is measured using the following three factors: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate

---

[1] Lead Plaintiff motions were filed by: (i) Ahmed Hashim; (ii) Roman Ivanov; (iii) IAM Motor City Pension Fund and (v) Virginia Wulff. *See* ECF Nos. 4, 5, 6, and 7.

losses suffered by the plaintiffs." 264 F.3d 201, 262 (3d Cir. 2001) (the "*Cendant Factors*"). The third factor, approximate losses suffered, is routinely outcome determinative as it typically most accurately reflects the movants' true financial interests in the litigation. The table below illustrates Mr. Hashim's financial interest relative to the remaining competing movants:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Approximate Losses |
|---|---|---|---|---|
| Ahmed Hashim | 25,000 | 25,000 | $1,683,253.61 | $326,114.72 |
| Roman Ivanov | 10,000 | 10,000 | $687,395.40 | $140,786.00 |
| IAM Motor City Pension Fund | 3,619 | 3,413 | $234,657.40 | $52,317.83 |
| Virginia Wulff | 849 | 849 | $60,368.37 | $14,307.51 |

*See* ECF Nos. 4-5, 5-5, 6-6, and 7-3.

As demonstrated above, Mr. Hashim sustained a loss of over $326,000 from trading in Novo Nordisk A/S ("Novo") securities, which is nearly $200,000 greater than any of the other movants. Mr. Hashim also invested more in Novo than any other movant in terms of the *Cendant* Factors.

Mr. Hashim also easily satisfies the adequacy and typicality requirements set out in Rule 23 and by the Third Circuit in *Cendant*. Mr. Hashim's claims are typical of the Class because, like other class members, he purchased Novo securities

during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action and his claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See In re Merck & Co., Inc. Securities,* No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511, at *39-40 (D.N.J. Jan. 20, 2013) ("To meet the typicality requirement, the proposed class representative must show his claims '[arise] from the same event or practice or course of conduct that gives rise to the claims of the class members' and are 'based on the same legal theory.'"). In addition, Mr. Hashim satisfies the Third Circuit's considerations with respect to Levi & Korsinsky as his choice of counsel, given the firm's experience, resources, and past successes. *See Cendant*, 264 F.3d at 265; *See also* ECF No. 5-8. Mr. Hashim also satisfies the adequacy requirement given his educational background, employment as a financial advisor, and his familiarity with U.S. litigation based on his experience as a plaintiff in a breach of contract action. *See* ECF No. 5-7.

Being that Mr. Hashim has the largest financial interest and satisfies the typicality and adequacy requirements, under both Rule 23 and *Cendant,* he is entitled to the presumption of the "most adequate plaintiff." This strong presumption can only be rebutted with "actual proof" that the movant is somehow inadequate or atypical. *Id*. at 269; *see Wigginton v. Advance Auto Parts, Inc.,* No. 18-212 (MN), 2018 U.S. Dist. LEXIS 187661, at *14 (D. Del. Nov. 2, 2018)

("[T]he PSLRA requires 'actual proof' that the presumptive lead plaintiffs are inadequate representatives of the class or subject to unique defenses."). No such proof exists here. Accordingly, Mr. Hashim's motion should be granted.

## II.    ARGUMENT

### A.    The PSLRA Process

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as Lead Plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u-4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The movant with the largest financial interest need only make a *prima facie* showing that it satisfies Rule 23's typicality and adequacy requirements. *See Cendant,* 264 F.3d at 264. Once triggered, this presumption can only be rebutted upon "actual proof" that the "most adequate plaintiff" will not fairly represent the interests of the class or is subject to a unique defense. *Cendant,* 264 F.3d at 268; 15

U.S.C. § 78u-4(a)(3)(B)(iii)(II). "If no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff." *Cendant*, 264 F.3d at 268.

> ### B.    Mr. Hashim Is Presumptively the "Most Adequate Plaintiff"

> #### 1.    Mr. Hashim Has the Largest Financial Interest

The PSLRA does not define the term "largest financial interest." *See Cendant,* 264 F.3d at 262. Consequently, courts around the country consider a number of different factors when determining the issue of "financial interest." The Third Circuit, in particular, "agree[s] with the many district courts that have held that courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *Id*. (citing *Lax v. First Merch. Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 11, 1997), *In re Nice Sys. Sec. Litig.,* 188 F.R.D. 206, 217 (D.N.J. 1999), and *In re Olsten Corp. Sec. Litig*., 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Courts typically agree that that most important and outcome-determinative factor is the "approximate losses suffered." *Roby v. Ocean Power Techs.,* No. 14-cv-3799 (FLW) (LHG), 2015 U.S. Dist. LEXIS 42388, at *14 (D.N.J. Mar. 17, 2015) ("Indeed, courts in this circuit have accorded the third element, the largest financial loss, the greatest weight.") (collecting cases); *see also*

*Smith v. Antares Pharma, Inc.,* No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964, at *5 (D.N.J. July 27, 2018) ("The most critical among these factors is the approximate loss suffered.") (*quoting Patel v. Zoompass Holdings, Inc.,* No. 17-3831, 2017 U.S. Dist. LEXIS 153765, at *3 (D.N.J. Sept. 20, 2017)).

Mr. Hashim has the largest financial interest in the Action pursuant to the three-factor test laid out in *Cendant. Id.* at 262; *see also In re Vicuron Pharm., Inc. Sec. Litig.,* 225 F.R.D. 508, 510 (E.D. Pa. 2004) (applying *Cendant* three-factor test); *Clair v. DeLuca,* 232 F.R.D. 219, 227 (W.D. Pa. 2005) (same). Notably, Mr. Hashim has the largest financial interest under the most important factor – the approximate loss suffered, having lost more than $326,000 from trading in Novo securities during the Class Period.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Approximate Losses |
|---|---|---|---|---|
| Ahmed Hashim | 25,000 | 25,000 | $1,683,253.61 | $326,114.72 |
| Roman Ivanov | 10,000 | 10,000 | $687,395.40 | $140,786.00 |
| IAM Motor City Pension Fund | 3,619 | 3,413 | $234,657.40 | $52,317.83 |
| Virginia Wulff | 849 | 849 | $60,368.37 | $14,307.51 |

*See* ECF Nos. 4-5, 5-5, 6-6, and 7-3.

As the chart above demonstrates, Mr. Hashim's loss is nearly $200,000 greater than the next closest movant, Roman Ivanov. Mr. Hashim also expended nearly $1,000,000 more net funds than Mr. Ivanov and retained 15,000 more shares. Thus, under *Cendant*, Mr. Hashim easily possesses the largest financial interest of all movants.

## 2. Mr. Hashim Satisfies the Typicality and Adequacy Requirements Under Rule 23 and *Cendant.*

Not only does Mr. Hashim possess the largest financial interest of all movants pursuant to the PSLRA and *Cendant*, but he also satisfies the typicality and adequacy requirements of Rule 23 and *Cendant*, requiring his appointment as lead plaintiff.

Mr. Hashim's claims are typical of those of other Class members because, like other Class members, he purchased Novo securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. Mr. Hashim suffered substantial losses as a result of the alleged fraud in the Action. Moreover, Mr. Hashim's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See In re Merck & Co.*, 2013 U.S. Dist. LEXIS 13511, at *39-40; *In re PharmaPrint, Inc. Sec. Litig.,* No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845, at *16 (D.N.J. April 17, 2002) ("'The representative parties' claims are generally found to be typical if they arise from the same course of conduct that gives rise to the claims of the other class members and if the claims are based on the same legal theory.'").

7

Mr. Hashim has also demonstrated his adequacy to serve as lead plaintiff in the Action. First, Mr. Hashim has shown that his choice of counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able to conduct the litigation. *See* ECF No. 5-8. This will ensure his vigorous and adequate prosecution of the Class's claims. *PharmaPrint*, 2002 U.S. Dist. LEXIS 19845, at \*16-17. Second, Mr. Hashim has no conflicts with other Class Members. *See* ECF No. 5-2 at p. 11. Third, not only is there no evidence of any antagonism between Mr. Hashim's interests and those of the Class, but Mr. Hashim has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. *See* ECF No. 5-5. Fourth, Mr. Hashim considers himself to be a sophisticated investor. He resides in Jeddah, Saudi Arabia, and possesses a master's degree in international business specializing in project management. *See* ECF No. 5-7. Mr. Hashim is currently employed as a financial advisor but also manages a personal portfolio for his own benefit, which contains the Novo investment and losses at issue that he is seeking to recover. *Id*. Further, Mr. Hashim is familiar with U.S. litigation based on his experience in a breach of contract action venued in the U.S. District Court for the Eastern District of Pennsylvania where he was the plaintiff. *Id*. The lawsuit involved claims for alleged violations of a non-compete agreement with the defendant. *Id*. Mr. Hashim has

certainly demonstrated his adequacy and typicality, therefore he is entitled to be appointed as lead plaintiff.

### C. No Proof Exists to Rebut the Strong Presumption in Favor of Appointing Mr. Hashim.

Mr. Hashim is entitled to the presumption of the "most adequate plaintiff" by way of possessing the largest financial interest and otherwise satisfying the typicality and adequacy requirements of Rule 23. Once the presumption is triggered, the Court must focus on the presumptive lead plaintiff alone. *See Cendant*, 264 F.3d at 267.

This presumption may only be rebutted upon actual proof by a class member that Mr. Hashim will "not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof exists that Mr. Hashim would be inadequate or subject to unique defenses. Accordingly, Mr. Hashim is entitled to be appointed as lead plaintiff. *See Cendant*, 264 F.3d at 268 ("If no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff.").

## III.      CONCLUSION

Mr. Hashim has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Hashim respectfully requests that the Court appoint him as Lead Plaintiff, approve his selection of counsel, and grant such other relief as the Court may deem just and proper.

Dated: October 20, 2025

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Ahmed Hashim and
[Proposed] Lead Counsel for the
Class*

## **CERTIFICATE OF SERVICE**

I, Adam M. Apton, hereby certify that on October 20, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*/s/Adam M. Apton*
Adam M. Apton