UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC BARTA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NOVO NORDISK A/S, MAZIAR MIKE DOUSTDAR, LARS FRUERGAARD JØRGENSEN, KARSTEN MUNK KNUDSEN, and DAVID S. MOORE,<br><br>Defendants. | Civ. No. 25-14045 (ZNQ)(JBD)<br><br>**MEMORANDUM ORDER** |

Before the Court are three competing motions to appoint lead plaintiff in this putative securities class action lawsuit. The first motion is by IAM Motor City Pension Fund; the second is by Ahmed Hashim; and the last is by Roman Ivanov. [Dkts. 4, 5, 7.] The Court has reviewed each motion and enters this non-dispositive order pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Local Civil Rule 72.1, and 28 U.S.C. § 636. For the reasons set forth below, the Court appoints Ahmed Hashim as lead plaintiff and Levi & Korsinsky, LLP as lead counsel.

\*

On August 1, 2025, plaintiff Eric Barta brought a putative securities class action on behalf of all investors who purchased or otherwise acquired Novo Nordisk A/S ("Novo") common stock between May 7, 2025 and July 28, 2025 against Novo and several of its current and former executives, seeking monetary damages pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended

by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Rule 10b-5, 17 C.F.R. § 240.10b-5.  [Dkt. 1] at 2, 5-6.

In brief, the complaint alleges that defendants made materially false and misleading statements concerning Novo's expected sales and revenue growth for the 2025 fiscal year, including statements concerning Novo's ability to grow GLP-1 sales, the overall potential of the GLP-1 market, and more.  [Dkt. 1] at 2-3. According to the complaint, defendants concealed material adverse facts that caused investors to purchase Novo stock at artificially inflated prices.  [Dkt. 1] at 3. As a result, the complaint alleges that the investors suffered losses after Novo's stock price fell from $69.00 per share to $53.94 on July 29, 2025 once these adverse facts were publicly disclosed.  [Dkt. 1] at 4.

After Barta filed the complaint on behalf of Novo investors, three members of the putative class, IAM Motor City Pension Fund ("the Fund"), Ahmed Hashim,[1] and Roman Ivanov filed competing motions to be appointed as lead plaintiff and to have their selected counsel approved as lead counsel.  [Dkts. 4, 5, 7.]

*

The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The statute creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that: (1) "has either filed

---

[1]    Levi & Korsinsky, LLP filed the complaint on behalf of plaintiff Barta. That firm also represents movant Hashim.

2

the complaint or made a motion in response to a notice" advising members of the purported plaintiff class of the action; (2) "has the largest financial interest in the relief sought by the class; and" (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted by evidence that shows that the presumptively most adequate plaintiff (1) "will not fairly or adequately protect the interests of the class; or" (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

*

As an initial matter, the PSLRA requires the plaintiff who files the initial action to publish a notice to the class within 20 days of filing the complaint informing class members of (i) the pendency of the action; (ii) the claims asserted in the complaint; (iii) the class period; and (iv) their right to seek appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days of publishing that notice, any putative class member may move to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(A)(i)(II). This Court "has an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA, that is, encouraging the most adequate plaintiff, . . . to come forward and take control of the litigation." *California Pub. Emps. Retirement Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 577 (D.N.J. 2001) (citations omitted).

Here, in compliance with the PSLRA, Levi & Korsinsky (plaintiff Barta's and movant Hashim's counsel) published a detailed notice of this suit in *Globe Newswire*

3

within 20 days of filing the complaint.  The notice informed putative class members of the pendency of the action, the claims asserted against defendants, the class period, and their right to request to serve as lead plaintiff by filing a motion no later than September 30, 2025.  [Dkts. 4-3, 5-6, 7-3.]  Following the notice, all three movants timely filed their motion for appointment as lead plaintiff.  [Dkts. 4, 5, 7.]

The Court is satisfied that adequate notice was provided pursuant to the statute.  Accordingly, the Court next determines which movant is the presumptive lead plaintiff, and whether any member of the putative class has rebutted that presumption.  *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)-(II).

\*

The Court's analysis in identifying the presumptive lead plaintiff "begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'"  *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)).  In determining which movant has the largest financial interest, courts consider: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs."  *Cendant*, 264 F.3d at 262 (citations omitted).  The third factor is afforded the greatest weight in identifying the presumptive lead plaintiff.  *See Roby v. Ocean Power Techs, Inc.*, Civ. Nos. 14-

4

3799, 14-3815, 14-4015, and 14-4592 (FLW), 2015 WL 1334320, at *5 (D.N.J. Mar. 17, 2015) (collecting cases).[2]

In this case, the putative class period is from May 7, 2025 through July 28, 2025. According to its motion papers, during that time, the Fund acquired 3,619 shares of Novo stock at a total cost of $248,777.25. [Dkt. 4-4.] The Fund asserts that it has suffered a loss of $52,317 resulting from the difference between the amount it paid for the shares ($248,777.25) and the proceeds ($196,459.43) from selling all 3,619 shares at an average price of $54.29. [Dkt. 4-5.]

According to his motion papers, during the class period, Hashim purchased 25,000 shares of Novo stock at a total cost of $1,683,253.61. [Dkt. 5-4.] Hashim asserts that he has suffered damages in the amount of $326,114.72, resulting from the difference between the total cost of those 25,000 shares at the time of purchase and the average trading price of the shares during the 90-day period following the alleged corrective disclosure. [Dkt. 5-5.]

Finally, according to his motion papers, Ivanov purchased 10,000 shares of Novo stock at a total cost of $687,395.00. [Dkt. 7-3.] Ivanov asserts that he has

---

[2]     Under the PSLRA, damages are calculated using the following formulas: (i) if the investor retained his or her shares, the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated; or (ii) if the investor sold his or her shares before the end of that 90-day period, the difference between the purchase price paid for the shares and the greater of the price at which the investor sold the shares or the average trading price of the shares between the date when the misstatement was corrected and the date on which the investor sold the shares. 15 U.S.C. § 78u-4(e).

suffered a realized loss of $140,786 after selling all 10,000 shares at an average price of $54.43.  [Dkt. 7-3.]

Having reviewed the movants' submissions, Hashim has the "largest financial interest" in the suit.  He purchased the most shares during the class period, expended the most money, and suffered the most economic harm as calculated under the PSLRA.  The Court next asks whether Hashim meets Rule 23's typicality and adequacy requirements.

*

After determining which movant has the largest financial interest, the Court proceeds with determining whether that movant has satisfied Federal Rule of Civil Procedure 23.  This inquiry, however, is "confined to determining whether the movant has made a prima facie showing of typicality and adequacy."  *Cendant*, 264 F.3d at 263.  Moreover, at this stage of the litigation, this "requirement involves a preliminary showing that the proposed Lead Plaintiff's claims are typical of claims of the class members."  *California Pub. Emps. Retirement Sys.*, 127 F. Supp. 2d at 579.  In determining whether the movant with the largest financial interest satisfies typicality and adequacy, courts "consider the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted."  *Cendant*, 264 F.3d at 264.

The Court applies traditional Rule 23 principles when determining whether the typicality and adequacy requirements have been satisfied.  *Id.* at 264-65.  Typicality is satisfied when the movant has "(1) suffered the same injuries as the

6

absent class members, (2) as a result of the same course of conduct by defendants, and (3) their claims are based on the same legal issues." *Blake Partners, Inc. v. Orbcomm, Inc.,* Civ. No. 07-4590 (WHW), 2008 WL 2277117, at *6 (D.N.J. June 2, 2008) (citing *Weiss v. York Hosp.*, 745 F.2d 786, 809, n.36 (3d Cir. 1984)).  Adequacy is satisfied if "both the class representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of other Class members." *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 627, 633 (D.N.J. 2002) (citations omitted); *see also Cendant*, 264 F.3d at 265 (considering whether the movant has obtained adequate counsel as class counsel must be qualified and serve the interests of the entire class).  When determining adequacy for lead plaintiff purposes, the analysis is "contingent upon both the existence of common interests between the proposed lead plaintiff[] and the class, and a willingness on the part of the proposed lead plaintiff to vigorously prosecute the action." *In re Milestone Scientific Securities Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998).

Here, Hashim has made a prima facie showing that he satisfies Rule 23(a)'s typicality requirement.  Hashim's claims are based on the same legal theory and arise from the same events and course of conduct as the claims of the putative class.  Like other members of the putative class, he asserts that he acquired shares of Novo stock at artificially inflated prices during the class period and asserts that he suffered damages because of defendants' false and misleading statements which caused the stock price to drop precipitously.

7

Hashim also has made a prima facie showing that he satisfies Rule 23(a)'s adequacy requirement. As part of his motion, Hashim filed a certification expressing his capability to serve as lead plaintiff and his understanding of and willingness to accept the responsibilities of being lead plaintiff. There is no information before the Court that gives cause for concern that Hashim has interests antagonistic or uncommon to the class. Having suffered the greatest financial loss and thereby having the "largest financial interest," Hashim has a strong incentive to prosecute the action vigorously. He asserts that he seeks appointment as lead plaintiff to maximize not only recovery for himself, but also the putative class. Finally, having reviewed Hashim's selected counsel's qualifications and as discussed below, the Court is satisfied that Levi & Korsinsky is experienced and fully capable of satisfying its obligations to serve the interests of the putative class. Thus, as Hashim has the "largest financial interest" and has satisfied typicality and adequacy under Rule 23, he is entitled to the presumption of being the "most adequate plaintiff."

*

"Once a presumptive lead plaintiff is located, the court should then turn to the question whether the presumption has been rebutted." *Cendant*, 264 F.3d at 268. The presumption may be overcome "by a member of the purported plaintiff class" by demonstrating that Hashim "will not fairly and adequately protect the interest of the class;" or is "subject to unique defenses that render [Hashim] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

8

If there are no challenges by other putative class members to Hashim's appointment as lead plaintiff, then Hashim's presumption as the most adequate plaintiff stands. *See, e.g., Arbitrage Fund v. Toronto-Dominion Bank*, Civ. No. 23-2763 (RBK), 2023 WL 5550198, at *5 (D.N.J. Aug. 29, 2023) (finding that presumption of adequacy must stand where no challenges to the presumption were made); *In re Party City Sec. Litig*, 189 F.R.D. 91, 112 (D.N.J. 1999) ("Absent such a challenge, the presumption of adequacy will generally survive.").

Here, Hashim's motion to serve as lead plaintiff is unopposed. [Dkt. 15.] Accordingly, in the absence of a challenge to his adequacy, Hashim remains the presumptive lead plaintiff and will be appointed as such.

\*

Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). In determining whether to approve the most adequate plaintiff's counsel, this Court considers five factors: "(1) the quantum of legal experience and sophistication possessed by the lead plaintiff; (2) the manner in which the lead plaintiff chose what law firms to consider; (3) the process by which the lead plaintiff selected its final choice; (4) the qualifications and experience of counsel selected by the lead plaintiff; and (5) the evidence that the retainer agreement negotiated by the lead plaintiff was (or was not) the product of serious negotiations between the lead plaintiff and the prospective lead counsel." *Cendant.*, 264 F.3d at 276 (citation omitted). But "the ultimate inquiry is always whether the lead plaintiff's choices

were the result of a good faith selection and negotiation process and were arrived at via meaningful arms-length bargaining." *Id.*

Hashim selected the law firm of Levi & Korsinsky as lead counsel. Levi & Korsinsky has extensive experience in securities class action litigation. [Dkt. 5-8.] Hashim signed a retainer agreement with Levi & Korsinsky after being satisfied that its attorneys would adequately serve as lead counsel. [Dkt. 5-7.] There is no information before the Court that Hashim's selection of the firm was anything other than "the result of a good faith selection and negotiation process" that was "arrived at via meaningful arms-length bargaining." *Cendant*, 264 F.3d at 276. Moreover, the Court observes that it previously has appointed the firm to represent the lead plaintiff in similar circumstances. *See Roby*, 2015 WL 1334320, at *14 (approving selection of Levi & Korsinsky and noting that the firm "has been selected as lead or co-lead counsel in multiple securities class actions"). "[S]atisfied that the proposed lead counsel is competent to represent [Hashim]" here, *id.*, the Court approves Hashim's selection of Levi & Korsinsky as lead counsel.

*

For the reasons stated above and good cause appearing,

**IT IS** on this **17th** day of **February, 2026**,

**ORDERED** that Hashim's motion to appoint lead plaintiff [Dkt. 5] is **GRANTED** and the Fund's and Ivanov's motions to appoint lead plaintiff [Dkts. 4, 7] are **DENIED**; and it is further

10

**ORDERED** that Ahmed Hashim is **APPOINTED** lead plaintiff to represent all putative classes and sub-classes of plaintiffs in this action pending and through a decision on class certification; and it is further

**ORDERED** that Levi & Korsinsky, LLP is **APPOINTED** lead class counsel to represent the lead plaintiff and all putative classes and sub-classes of plaintiffs in this action pending and through a decision on class certification; and it is further

**ORDERED** that the lead plaintiff shall be permitted to file an amended complaint within 45 days of the date of this Order.  If an amended complaint is filed, defendants shall answer, move, or otherwise respond to the amended complaint within 45 days of its filing.  If no amended complaint is filed, defendants shall have 45 days after the deadline to file an amended complaint has passed to answer, move, or otherwise respond to the original complaint.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE